**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| DONALD FLANNIGAN, | ) | |
| 7900 Kirkland-Chardon Road | ) | |
| Kirtland, OH 44094 | ) | Case No: 1:26-cv-751 |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | |
| | ) | |
| HOWMEDICA OSTEONICS CORP. | ) | |
| dba STRYKER ORTHOPAEDICS, | ) | |
| 325 Corporate Drive | ) | **COMPLAINT** |
| Mahwah, NJ 07430 | ) | |
| | ) | |
| John Doe 1-10 | ) | |
| Addresses unknown | ) | |
| | ) | |
| Defendants. | ) | **Jury Demand** |

Now comes the Plaintiff, Donald Flannigan, by and through undersigned counsel, who as for his Complaint against Defendants, Stryker Corporation and John Doe 1-10, states as follows:

## I. INTRODUCTION

This is a products liability action arising from severe and permanent injuries caused by a defective Stryker hip implant system ("Device") designed, manufactured, marketed, and sold by Defendant Howmedica Osteonics Corp. d/b/a Stryker Orthopaedics. The Device implanted in Plaintiff included, inter alia:

- Stryker insignia 132 degree femoral stem
- Stryker Trident II acetabular cup
- Stryker MDM metallic acetabular liner
- Stryker V40/C-taper adaptive sleeve
- Biolox delta ceramic C-taper femoral head
- Stryker X3, MDM dual mobility polyethylene head
- Stimulan beads with Incorporated gentamicin and vancomycin
- KCI Prevena

The Device was defectively designed and/or manufactured such that it was prone to failure, corrosion, fretting, loosening, infection, and the need for early revision surgery, and left the shop in that condition.

## II.     THE PARTIES

1. Plaintiff Donald Flannigan is a resident of Lake County, Ohio.
2. Defendant Howmedica Osteonics Corp., d/b/a Stryker Orthopaedics is a New Jersey corporation with its principal place of business in Mahwah, New Jersey.
3. Defendants John Does 1-10 are entities involved in the design, manufacture, distribution, testing, labeling, and sale of the Device whose identities are presently unknown.

## III.     JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 USC 1332(a) as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.
5. This Court has personal jurisdiction over Defendant because they conduct substantial business in Ohio, purposefully avail themselves of Ohio markets, and sell hip implants throughout the state.
6. Venue is proper under 28USC 1391(b) because a substantial portion of the events or omissions giving rise to the claim occurred within this District, including Plaintiff's implantation, injuries, and continuing medical care.

## IV.     FACTS

1. Defendant designed, engineered, tested, manufactured, marketed, labeled and sold the Device for use in total hip arthroplasty.
2. On or about July 21, 2025, Plaintiff underwent total arthroplasty hip replacement surgery at UH Lake West Medical Center, 36100 Euclid Ave., Willoughby, OH 44094 during which the Device was implanted.
3. Shortly after implantation, Plaintiff began experiencing complications including persistent pain, decreased mobility, inflammation and infection.
4. On or about August 7, 2025, Plaintiff required emergency revision surgery due to infection and inflammatory reaction associated with the Device.
5. Upon information and belief, the Device failed due to one or more defects, including but not limited to:
   a. Improper modular junction design leading to micromotion
   b. Corrosion and fretting at the taper interface
   c. Material incompatibility and wear debris generation
   d. Increased risk of infection associated with device components
6. Defendant knew, or should have known, about the Device's risks through pre-market testing, adverse event reports, internal data, and post-market surveillance.

7. Despite this knowledge, Defendant concealed the full scope of these risks, failed to adequately warn physicians and patients, and continued to represent the Device as safe, reliable, and suitable for long-term implantation.

8. As a direct and proximate cause of the Device's defects, Plaintiff suffered physical pain and disability, emotional distress, medical expenses, permanent impairment, and loss of enjoyment of life.

## V.  CAUSES OF ACTION

All claims are brought pursuant to the Ohio Products Liability Act ("OPLA"), R.C. 2307.71 et seq., as Ohio law governs these claims under 28 USC 1332.

### COUNT I
#### *STRICT LIABILITY-DESIGN DEFECT 2307.75*

9. Plaintiff incorporates by reference all facts, statements and allegations contained within preceding paragraphs as though expressly re-written and reinstates herein.

10. The Device's foreseeable risks exceeded its benefits.

11. Feasible, safer alternative designs were available that would have reduced or eliminated the risk of failure

12. The design defects directly and proximately caused Plaintiff's injuries.

### COUNT II
#### *STRICT LIABILITY-MANUFACTURING DEFECT 2307.74*

13. The Device deviated from Defendant's design specifications and performance standards.

14. These deviations rendered the Device unreasonably dangerous.

### COUNT III
#### *FAILURE TO WARN 2307.76*

15. Defendants failed to provide adequate warnings regarding the risks of:
    a. Corrosion and fretting
    b. Metallosis and inflammation
    c. Infection and premature failure
    d. Early revision risks

16. Had adequate warnings been provided, Plaintiff's surgeon would not have selected the Device.

17. Adequate warning would have prevented Plaintiff's injuries.

### COUNT IV
#### *NEGLIGENCE*

18. Defendants breached their duty of reasonable care by failing to:
    a. Properly design the Device

b. Conduct adequate testing
c. Monitor post-market performance
d. Warn of known risks

19. These breaches directly and proximately caused Plaintiff's injuries.

## COUNT V
### *BREACH OF EXPRESS WARRANTY 1302.26*

20. Defendants expressly represented that the Device was safe, durable, and effective.
21. These representations were false
22. Plaintiff and his surgeon relied on these representations.

## COUNT VI
### *BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY 1302.27*

23. The Device was not fir for its intended purpose.
24. The Device was not of merchantable quality and failed prematurely.

## COUNT VII
### *BREACH OF IMPLIED WARRANT OF FITNESS FOR A PARTICULAR PURPOSE 1302.28*

25. Defendants knew the Device was purchased for use in hip replacement surgery and was expected to function safely.
26. The Device was unfit for hip replacement surgery.

## VI.  DAMAGES

Plaintiff seeks compensation for:
- Past and future medical expenses
- Lost wages and diminished earning capacity
- Pain and suffering
- Emotional distress
- Loss of enjoyment of life
- Attorney fees
- Court costs
- Any other relief the Court deems just and proper

**WHEREFORE**, Plaintiff Donald Flannigan demands judgment against Defendant for compensatory damages, costs, interest, and all further legal and equitable relief as may be deemed appropriate. Plaintiff also seeks punitive damages as allowed by law.

Respectfully submitted,

/s/ *Bruce Taubman*
Bruce Taubman (0001410)
Taubman Law
1444 W. 25th
Cleveland, OH 44113
Ph: (216) 621-0794
Fax: (216) 810-2123
brucetaubman@taubmanlaw.net
Attorney for Plaintiff

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury.

Respectfully submitted,

/s/ *Bruce Taubman*
Bruce Taubman (0001410)
Taubman Law
1444 W. 25th
Cleveland, OH 44113
Ph: (216) 621-0794
Fax: (216) 810-2123
brucetaubman@taubmanlaw.net
Attorney for Plaintiff